UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-60025-CIV-HUCK-O'SULLIVAN

OCEANSIDE LAUDERDALE, INC., et al.,

    Plaintiffs,

v.

OCEAN 4660, LLC, et al.,

    Defendants.

_____/



## ORDER DISMISSING THIRD AMENDED COMPLAINT

This matter is before the Court on its *sua sponte* review of plaintiffs' Third Amended Complaint (D.E. # 62) and Civil RICO Case Statement (D.E. # 65).

Plaintiffs Kenneth A. Frank and Oceanside Lauderdale, Inc. originally filed this action on January 8, 2010 alleging numerous state and federal causes of action arising from plaintiffs' purchase and maintenance of a restaurant from certain of the defendants.

A First Amended Complaint was filed on January 26, 2010. After reviewing the 150-page First Amended Complaint, the Court held a hearing and dismissed the action without prejudice for failure to contain a short and plain statement of the grounds upon which jurisdiction was premised and the claims showing entitlement to relief. The Court also indicated that plaintiff Oceanside Lauderdale, a corporation, must be represented by counsel.

On February 18, 2010, a 159-page Second Amended Complaint was filed. After a hearing, the Court dismissed the Second Amended Complaint, and suggested that Mr. Frank consider the viability of causes of action stated against the Broward County Sheriff's Office, and submit a civil RICO statement with and work to shorten any amended complaint. The Court noted that plaintiff Frank was substituted for the original plaintiff Oceanside Lauderdale pursuant to an assignment of claim. As the Court indicated to plaintiff Frank, this attempt to circumvent the requirement that corporations be represented by legal counsel is prohibited. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985). Therefore, only the Oceanside Lauderdale–represented by counsel–can prosecute its own claims asserted against the defendants.

The operative 126-page Third Amended Complaint was filed On May 3, 2010. Notably, it withdrew claims against the Broward Sheriff defendants, only attempted to state a cause of action

under federal RICO, and purported to have been brought by Mr. Frank in his individual capacity and not via any assignment.  Angela Dipilato was added as a plaintiff despite the fact that no permission to add a party was requested or granted.  A 128-page civil RICO statement was also filed, as per the Court's instruction.  At a hearing held on May 21, 2010, the plaintiffs orally explained the basis for their RICO claims.  Based on the Third Amended Complaint, plaintiffs' RICO Statement and the oral explanations, it is clear that this court does not have subject matter jurisdiction.

"RICO is not a proper vehicle for levering a breach of contract suit between citizens of the same state into federal court, and under a statute that entitles a successful plaintiff to treble damages and attorneys' fees."  *Carr v. Tillery*, 591 F.3d 909, 918 (7th Cir. 2010).  Here, "civil RICO plaintiffs persist in trying to fit a square peg in a round hole by squeezing garden-variety business disputes into civil RICO actions."  *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1025 (7th Cir. 1992).  *See Robert Suris General Contractor Corp. v. New Metropolitan Federal Sav. & Loan Ass'n*, 873 F.2d 1401, 1404 (11th Cir. 1989) (affirming grant of summary judgment in defendant's favor where plaintiff had attempted to take "a simple breach of contract or garden variety fraud claim and attempted to boot-strap it into a 'federal case'" by couching the allegations in RICO statutory language); *ePlus Technology, Inc. v. Aboud*, 313 F.3d 166, 181 n.15 (4th Cir. 2002) ("We have cautioned against imposing civil RICO liability for garden-variety violations of the mail and wire fraud statutes 'because it will be the unusual fraud that does not enlist the mails and wires in its services at least twice.'") (internal citation omitted).  While the plaintiffs may state legitimate claims for breach of contract, misrepresentation and various forms of fraud against the non-diverse defendants–and the Court offers no opinion as to the sufficiency or merits of such claims–they should be lodged in state court and predicated on state law.

Accordingly, it is hereby ORDERED that the Third Amended Complaint is DISMISSED without prejudice.  The clerk shall CLOSE the case.

DONE AND ORDERED in Chambers, Miami, Florida, May 24, 2010.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
Counsel of Record
Kenneth A. Frank (*pro se*)