UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60025-CIV-HUCK/O'SULLIVAN

OCEANSIDE LAUDERDALE, INC. and
KENNETH A. FRANK, AND ANGELA DIPILATO

    Plaintiffs,

vs.

OCEAN 4660, LLC ET AL.

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the defendants' Motion for Attorney's Fees and Costs Pursuant to Rule 11. (DE# 71, 11/11/10). This case was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Paul C. Huck, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. §636(b). (DE# 72, 11/15/10). Having reviewed the applicable filings and law, the undersigned respectfully recommends that the defendants' Motion for Attorney's Fees and Costs Pursuant to Rule 11 be **DENIED**.

## INTRODUCTION

The plaintiff, Kenneth A. Frank ("Frank"), *pro se*, commenced this action against the defendant, Ocean 4660, LLC et al. on January 8, 2010. (DE# 1, 01/08/10). The Court afforded the plaintiff wide leeway in his pleadings, allowing the plaintiff three amended complaints. The plaintiff failed to satisfy subject matter jurisdiction and his case was dismissed on May 24, 2010. (DE# 70, 5/24/10). Approximately five months later, on October 15, 2010, the defendants served the plaintiff with notice regarding the

Rule 11 Motion.  (DE# 71-1, 11/11/10).  On November 11, 2010, the defendants filed a Motion for Rule 11 Sanctions with the Court.  (DE# 71, 11/11/10).  The plaintiff responded to defendants' Motion on December 27, 2010.  (DE# 75, 12/27/10).  No reply was filed in this matter.

## DISCUSSION

In the Eleventh Circuit, sanctions are warranted under Rule 11 when a party files a pleading that: 1) has no reasonable factual basis; 2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to existing law; and 3) is filed for an improper purpose or in bad faith.  Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998); United States v. Milam, 855 F.2d 739, 742 (11th Cir. 1998); Thomas v. Evans, 880 F.2d 1235, 1239 (11th Cir. 1989).  "Rule 11 applies to *pro se* litigants . . . ."  Thomas v. Evans, 880 F.2d at 1239.  "Although typically levied against an attorney, a court is authorized to issue Rule 11 sanctions against a party even though the party is neither an attorney nor the signor of the pleadings."  Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001).  Sanctions serve to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses."  United States v. Milam, 855 F.2d at 742.  "[A] federal district court is required to evaluate whether the motion, pleading or other paper reflected what could reasonably have been believed by the signer at the time of signing."  Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1331 (11th Cir. 1993).  Under Rule 11, the objective standard for assessing a party's conduct is "reasonableness under the circumstances" and "what was reasonable to believe at the time the pleading was submitted."  Baker v. Alderman, 158 F.3d at 524.

Rule 11(b) provides in pertinent part that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law; (3) the factual contentions have evidentiary support . . . and (4) the denials of factual contentions are warranted on the evidence. . . .

**I. *Pro Se* Litigants**

The Court should afford a litigant proceeding *pro se* wide leeway in pleadings. *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed to do substantial justice. Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir.1998); Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986). Although *pro se* litigants are entitled to liberal interpretations, they must satisfy essential burdens. Brown v. Crawford, 906 F.2d 667, 670 (11th Cir.), cert. denied, 500 U.S. 933 (1991). The plaintiff must still show that there is a genuine issue of material fact. Id.

**II. Defendants' Motion for Sanctions**

The defendants seek sanctions against the plaintiff under Fed. R. Civ. P. 11(b) and (c)(2) for attorney's fees and costs incurred in defending the RICO lawsuit brought by the plaintiff. (DE# 71, 11/11/10). The undersigned notes that the defendants' two page motion does not cite to any case law to support their $18,558.00 request for fees and costs. (DE# 71, 11/11/10). The Court in the present matter held that the Court lacked subject matter jurisdiction, and that if

3

the plaintiff had legitimate claims for breach of contract, misrepresentation, and various forms of fraud against the non-diverse defendants, they should be filed in state court. (DE# 70 at 2, 5/24/10). The Court did not rule on the sufficiency and merits of those potential state court claims. (DE# 70 at 2, 5/24/10). Rule 11 does not automatically entitle the defendants to sanctions simply because the Court did not rule in the plaintiff's favor. Kennedy v. Nat'l Juvenile Detention Ass'n et al., 187 F. 3d 690, 696 (7th Cir. 1999). This is especially true considering plaintiff's lack of legal representation. Id.

A Court confronted with a Rule 11 motion "must first determine whether the claims raised are objectively frivolous and, if they are, whether the signer of the pleadings should have been aware of their frivolous nature." Lee v. Mid-State & Timber Co., Inc., 285 F. App'x. 601, 608 (11th Cir. 2008) (citing Worldwide Primates, Inc. v. McGreal, 87 F. 3d 1252, 1254 (11th Cir. 1996)). Because the defendants failed to serve and file their Rule 11 Motion in a timely fashion, the undersigned declines to address these issues here.

### A. Plaintiff Denies Receiving Correspondence

The plaintiff asserts that he did not receive the defendants's Rule 11 Motion prior to it being filed with the Court. (DE# 75, 12/27/10). The letter dated October 15, 2010, from Lloyd H. Falk, Esq. lists a certified mail article number. (DE# 71-1, 11/11/10). It remains unclear whether plaintiff received the letter. However, even if the plaintiff received the letter, the defendants failed to comply with the "safe harbor" provision of Rule 11 by serving and filing the Motion approximately five months after the Court's ruling.

**B. "Safe Harbor" Provision**

The 1993 Amendments to Rule 11 added the twenty-one (21) day "safe harbor" period.  This provision states that a motion for sanctions is not to be filed until 21 days after being served.  See Fed. R. Civ. P. 11(c)(2) and the Rule 11 1993 Advisory Committee Notes, Notes to Subdivision (b) and (c); DeShiro v. Branch, 183 F.R.D. 281, 287 (M.D. Fla.1998).  The 1993 notes to Rule 11 further state that: "[o]rdinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely . . . Given the 'safe harbor' provisions . . . a party cannot delay serving its Rule 11 motion until conclusion of the case . . . . "  Rule 11, 1993 Advisory Committee Notes, Notes to Subdivision (b) and (c); Morroni v. Gunderson et al., 169 F.R.D. 168, 171 (M.D. Fla. 1996).  "This timing is antithetical to the purposes of the twenty-one day 'safe-harbor' period." DeShiro v. Branch, 183 F.R.D. at 288. The "safe harbor" clause presumes the motion's timeliness. Id. "A litigant must also comply with the procedural requirements of Rule 11 (including the "safe harbor" requirement) before obtaining a favorable sanctions order." Border Collie Rescue, Inc. et al. v. Ryan, 2006 U.S. Dist. LEXIS 49858 at *3 (M.D. Fla. July 21, 2006).  The defendants served and filed its Motion for Attorney's Fees and Costs Pursuant to Rule 11 approximately five months after the Court's final ruling.  The service and filing of the motion five months after this Court dismissed the plaintiff's case never gave the plaintiff the opportunity to consider the defendant's Rule 11 Motion and withdraw his pleadings.  The undersigned finds that the defendants' delay precludes an award of sanctions under Rule 11.  Accordingly, the instant motion should be denied.

### C. Plaintiff's Request for Evidentiary Hearing

The plaintiff requests an evidentiary hearing in this matter. Because the undersigned recommends that the Motion for Sanctions be denied, the undersigned finds no need for a hearing in this matter.

### D. Plaintiff Requests Sanctions Against Defendant

Finally, the plaintiff requests sanctions against the defendants and their attorney, Mr. Falk, for filing the Rule 11 Motion. The plaintiff asks that the Court award him reasonable costs and expenses for defending the Motion for Sanctions. (DE# 75 at 13, 12/27/10). "Because a party proceeding *pro se* cannot have incurred attorney's fees as an expense, a district court cannot order a violating party to pay a *pro se* litigant a reasonable attorney's fee as part of a sanction." Massengale v. Ray, 267 F.3d 1298, 1302-03 (11th Cir. 2001). Accordingly, the undersigned finds that imposing an attorney's fee against the defendants or their attorney is not appropriate.

## CONCLUSION

The defendants served and filed its Motion too long after the Court dismissed the action. The undersigned recommends that the Defendants' Motion for Attorneys Fees and Costs Pursuant to Rule 11 (DE# 71, 11/11/10) be **DENIED**.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Judge. Failure to file objections

timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.C. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

      RESPECTFULLY SUBMITTED in Miami, Florida, this 8th day of March 2011.

      JOHN J. O'SULLIVAN
      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Court Judge Huck

Kenneth A. Frank (*pro se*)
2310 E. Atlantic Blvd., Ste. 206
Pompano Beach, Florida 33062